UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ROBERT G. TAYLOR, an individual; and BRADLEY G. TAYLOR, as Personal Representation of the Estate Joy L. Taylor, deceased,

Plaintiffs,

v.

LARSON BERG & PERKINS, LLC, and MARITAL COMMUNITY OF PAUL E. LARSON and MARY DOE LARSON,

Defendants.

NO: CV-11-3115-RMP

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO DISMISS

This matter comes before the Court on Defendants' motion to dismiss, ECF No. 8, and Plaintiff's motion to dismiss Defendants' motion to dismiss, ECF No. 22. The Court has reviewed the motions, the relevant filings, and is fully informed.

## BACKGROUND

According to the complaint, this case arises from a series of transactions in Yakima County, Washington, regarding a proposed development project. Plaintiff Robert Taylor was involved in a project with, among others, Defendant Paul E. Larson. Mr. Larson is a licensed attorney in the State of Washington. Defendant Larson Berg & Perkins, LLC, is a law firm that, through Mr. Larson, provided legal representation in connection with the development project.

Robert[1] was married to Joy Taylor. Ms. Taylor passed away on February 16, 2008. In her will, Ms. Taylor named Robert as personal representative of her estate and their son Bradley Taylor as alternate personal representative of her estate in the event that Robert was unable or unwilling to act in that capacity. ECF No. 21 at 6-7. Ms. Taylor's will also established a trust of which Bradley was named the trustee. ECF No. 21 at 0.

Bradley, as personal representative of Ms. Taylor's estate, and Robert brought the instant action against Mr. Larsen and Larsen Berg & Perkins, LLC alleging breach of contract, breach of fiduciary duty, and intentional misrepresentation. The Complaint alleges jurisdiction on the basis of diversity of citizenship.

---

[1]The Court refers to Plaintiffs Robert Taylor and Bradley Traylor by their first names in order to avoid any ambiguity. No disrespect is intended.

At the time of Ms. Taylor's death, Robert and Joy Taylor lived in Mercer Island, Washington. ECF No. 24 at 20-21. In 2010, Robert moved to Oregon. ECF No. 24 at 21. While Defendants initially contested Robert's allegation of Oregon citizenship, the Defendants have conceded in their reply briefing that Robert is a resident of Oregon. ECF No. 28 at 2. Since 2009, Bradley has been a citizen of Nevada. Defendants are all citizens of Washington.

Defendants filed the instant motion to dismiss asserting (1) that this Court lacks subject matter jurisdiction and (2) that Plaintiffs' complaint fails to state a claim upon which relief can be granted. As this Court concludes that it lacks subject matter jurisdiction, the Court does not reach the question of whether the complaint states a claim for relief.

**APPLICABLE LAW**

A defendant may bring a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) [a] district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

Federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). For purposes of diversity, the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

**DISCUSSION**

It is uncontested in the record that Robert is a citizen of Oregon, Bradley is a citizen of Nevada, all of the Defendants are citizens of Washington, and the amount in controversy exceeds $75,000.00. However, as Bradley is named as the personal representative of Joy Taylor's estate, [2] Bradley is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). At the time of Ms.

[2]The Defendants challenge whether Bradley meets the requirements necessary under Washington law to qualify as the personal representative of Joy Taylor's estate. However, as the Court concludes that it lacks jurisdiction even if Bradley qualifies as personal representative, the Court declines to address the issue.

Taylor's death, she was a citizen of Washington. ECF No. 24 at 20-21. Accordingly, for the purposes of determining diversity jurisdiction, Bradley Taylor is deemed to be a citizen of Washington.

Bradley argues that, as trustee of the trust set up by Ms. Taylor's will, Bradley may bring the instant claims on behalf of the trust and that his citizenship as trustee is Nevada. However, even if the Court were to permit the Plaintiffs to amend their complaint and add Bradley as a named party in his capacity as trustee, the complaint still would be subject to dismissal. All three claims asserted by the Plaintiffs are state-law claims. All of the events alleged in the complaint took place in Washington. *See* ECF No. 1. Under Washington law, "[a]ll causes of action by a person or persons against another person or persons shall survive to the personal representatives" of the estate. RCW 4.20.046(1).

Accordingly, the state-law claims are not the trust's claims to bring. Bradley must bring the claims as personal representative of the estate, and, as personal representative of the estate, Bradley is deemed to be a citizen of Washington. In light of the fact that both Bradley and Defendants are citizens of Washington for purposes of diversity jurisdiction, there is not complete diversity between the parties and the Court lacks subject matter jurisdiction.

As a final matter, Plaintiffs filed a "Motion to Dismiss Defendants' Motion to Dismiss" on January 30, 2012. In that motion, Plaintiffs seek to terminate

Defendants' motion to dismiss because Defendants' motion failed to comply with LR 56.1. Plaintiffs argue that because Defendants' motion to dismiss referred to facts outside of the complaint, the motion was necessarily converted to a motion for summary judgment. As a result, Plaintiffs argue that Defendants needed to comply with the Court's local rules regarding summary judgment motions.

While it is true that a Court may not consider facts outside of the pleadings in determining a Rule 12(b)(6) motion without converting that motion into one for summary judgment, Fed. R. Civ. P. 12(d), no such rule holds for Rule 12(b)(1) motions. Accordingly, Plaintiffs' motion has no bearing on the Rule 12(b)(1) portion of Defendants' motion to dismiss. As the Court has limited its decision to the Rule 12(b)(1) portion of Defendants' motion, and the Rule 12(b)(1) portion is dispositive, Plaintiffs' motion is now moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' motion to dismiss, **ECF No. 8**, is **GRANTED**.
2. The above-caption cause of action is hereby **DISMISSED WITHOUT PREJUDICE** and without costs to either party.
3. All other pending motions are **DENIED AS MOOT**.

4. **JUDGMENT** shall be entered for Defendant.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and **CLOSE** this file.

**DATED** this 22nd day of March 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge